UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          Case Number 15-20472
v.                                     Honorable David M. Lawson

DION ROBINSON,

          Defendant.
_____/

## ORDER DENYING SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Dion Robinson pleaded guilty to a RICO conspiracy involving gang activity and was sentenced on June 1, 2016 to 121 months in prison, to be followed by three years of supervised release. Robinson was released on March 6, 2023 and started supervision the next day. He previously had asked the Court to terminate his supervised release term early, which is scheduled to end on March 6, 2026. The government opposed that motion, and the Court denied it on May 31, 2024. Robinson again has moved for early termination. The government has not responded to the motion this time. However, based on the relevant factors in 18 U.S.C. § 3553(a) and the information obtained from the probation department, the Court still believes that further supervision is prudent and will deny the motion.

After a defendant has served at least one year of a term of supervised release, the Court may order early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting *United States v. Melvin*, 978

F.3d 49, 52 (3d Cir. 2020)). In making the determination, the Court must consider the factors generally prescribed for imposing a sentence initially under 18 U.S.C. § 3553(a). *Ibid.* And the Court must demonstrate that it considered those factors and "reasoned through the defendant's nonfrivolous arguments when ruling on a motion," *United States v. Tavarez*, 141 F.4th 750, 757 (6th Cir. 2025) (citing *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025)) (cleaned up), although it need not specifically address each one, *ibid.* (stating that "the district court need not 'articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors'") (quoting *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010)). Those factors include the nature and circumstances of the offense and history of the defendant, the need for the sentence to provide adequate deterrence, the need to protect the public from further crimes of the defendant, the need to provide the defendant with needed educational or vocational training or other services, the range of sentences provided by the applicable sentencing guideline calculations, policy statements issued by the United States Sentencing Commission, the need to avoid sentencing disparities, and considerations of restitution. *Ibid.*

After evaluating those factors, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). Factors include a defendant's "changed circumstances" such as "exceptionally good behavior by the defendant" that "render a previously imposed term . . . too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1996). However, "[t]he text [of section 3583(e)(1)] does not make "exceptionally good" conduct an absolute prerequisite to relief." *Hale*, 127 F.4th at 641. [S]uch behavior," though, "remains a relevant consideration." *Hale*, 127 F.4th 638, 642.

In his motion, Robinson catalogs the many positive aspects of his life since prison and his law-abiding behavior. Although he has had a couple minor brushes with the law, he remains crime free, steadily employed, and stably housed. He states that he has come to be known as a positive role model among his family members. He is working toward obtaining his commercial driver license, after which he wants to get a job in interstate trucking. That is the main reason why he wants to terminate supervised release: the travel restrictions may interfere with employment prospects.

The supervising probation officer continues to classify Robinson as Low/Moderate risk, Category II, for recidivism and violence, respectively as of September 10, 2025. He says that individuals in those categories have a 17% arrest rate and a 7% revocation rate in the next 12 months. He describes Robinson's adjustment to supervision as "adequate." Robinson reports as instructed, continues to test negative for prohibited substances, maintains full-time work, and completed all conditions of supervision. He even continues on his own with outpatient treatment with the treatment provider for his continued benefit. In addition to maintaining a stable residence and positive supportive from his counselor, cousin, and employer, he has followed through with all court proceedings in State Court with no outstanding warrants and is currently in compliance with his supervised release. However, Robinson has demonstrated some noncompliant behavior as evidenced by arrests with local police. On August 2, 2024, he was issued a citation for working as a cook at an establishment that was cited for the unlawful operation of a boxing stadium and unlawful sale and consumption of alcohol without a state issued liquor license. On June 12, 2025, Robinson was arrested for gambling, although no charges were filed on this arrest.

The probation officer also points out that although Robinson is classified as low-to-moderate risk, he has a history of violence. At age 18, Robinson pleaded guilty to second-degree

murder in 1997, serving 12 years with the Michigan Department of Corrections. Additionally, the offense of conviction in this case was quite serious: he was convicted of a RICO conspiracy that included attempted murder. Robinson has former ties to the violent street gang Vice Lords, although the probation officer adds that there has been no evidence that he continues to associate with the gang while on supervised release. All told, both the public and Robinson will benefit from continued supervision. That will help ensure that Robinson does not return to gang involvement and continues to remain crime free.

Moreover, although Robinson appears to be doing well on supervision, "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release. . . ." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (emphasis added). In short, compliance is expected, not exceptional behavior. Thus, "unblemished" post-conviction conduct is not "alone . . . sufficient to terminate the supervised release" because, if this were the case, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

Moreover, Congress prescribed a substantial term of supervised release for the violent crime Robinson committed. As the Supreme Court explained in *Gall v. United States*, 552 U.S. 38, 48 (2007), supervised release is a form of punishment that involves restrictions on liberty. The defendant has not offered sufficient justification to reduce that punishment at this time.

The Court commends Robinson for his industry, continued compliance, realignment of his peer group, and positive family involvement. And he is to be encouraged to pursue his CDL certification and the employment benefits that the licensure will bring. If he finds that the travel restrictions of supervised release interferes with employment prospects, the Court encourages both

Robinson and his probation officer the work together to ease them.  For now, however, continued supervision is the better path.

Accordingly, it is **ORDERED** that the defendant's second motion for early termination of supervised release (ECF No. 592) is **DENIED**.

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Dated:   September 22, 2025